IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CINDY L. HILSGEN, on behalf of B.J., N.N., and C.J.,[1]

                       Petitioner,

   v.

JENNELLE WOLF,

                       Respondent.

OPINION & ORDER

18-cv-242-jdp

---

Cindy Lou Hilsgen, appearing pro se, has filed this civil action styled as a petition for habeas corpus, in which she asks this court to remove her minor children from state-court ordered out-of-the-home placement. She also seeks a stay of ongoing state family-court proceedings. Hilsgen followed her original petition, brief, and motion to stay with amended versions of those documents. Dkt. 4–6. I will consider the amended versions as the operative documents here.

This court may conduct a preliminary review of this petition under the rules governing habeas petitions and under the court's own inherent authority. *See* Rules 1 and 4 of the Rules Governing Section 2254 Cases; *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). After reviewing the documents Hilsgen has filed, I will dismiss the case.

---

[1] Hilsgen refers to herself in the caption as "Cindy Lou" without a last name, and signs the petition as Cindy Lou Ruprecht. I have amended the caption to include her last name of Hilsgen, as she refers to herself in her other currently pending case before the court, No. 18-cv-102-jdp. The clerk of court has redacted the full names of her children from the petition.

This is the second time Hilsgen has filed a writ of habeas corpus at least in part for the purpose of undoing state-court-ordered placement of her children. In a March 6, 2018 order, I dismissed the portion of Hilsgen's habeas petition asking for change of placement of her children. *See* Dkt. 7 in case no. 18-cv-102-jdp. I explained in that order that this court cannot review state-court parental-rights or child-custody decisions in a federal habeas proceeding. *Id.*, at 2 (citing *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511–12 (1982); *Leonard v. Vandehey*, No. 08-cv-109-bbc, 2008 WL 4079236, at *1 (W.D. Wis. Feb. 28, 2008)). Much of the authority Hilsgen cites in her materials predate the *Lehman* case, but that Supreme Court ruling governed her previous case and it governs this one. Moreover, under the "domestic relation exception," federal courts generally lack jurisdiction over disputes challenging divorce, custody, or alimony decrees, even if those disputes might otherwise fall under diversity or federal question jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

The proper place for Hilsgen to litigate the custody of her children is in the state court system. From the information she provides in her filings, it appears that the circuit court proceedings are still ongoing. She should argue her case there. This case will be dismissed, and should Hilsgen file any further habeas-type actions about her children's custody, I will summarily dismiss them.

Hilsgen has also asked that her documents be filed under seal because of her children's names being included in her material. The clerk of court appears to have redacted her children's names, leaving only the initials, while also provisionally sealing the documents. I will direct the clerk to unseal those documents after ensuring that the children's full names have been redacted.

ORDER

IT IS ORDERED that:

1. Cindy Lou Hilsgen's petition for writ of habeas corpus, Dkt. 4, is DISMISSED. The clerk of court is directed to enter judgment for respondent and close this case.

2. The clerk of court is directed to unseal all documents and ensure redaction of Hilsgen's minor children's names.

Entered April 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge